IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

                   :

                   :

**v.**                   :        **CRIMINAL NUMBER 25-207**

                   :

                   :

**RIGOBERTO XILOJ BUOX**     :

**SENTENCING MEMORANDUM
OF DEFENDANT RIGOBERTO XILOJ BUOX**

Defendant, Rigoberto Xiloj Buox, will accept full responsibility for his actions on July 2, 2025 and enter a plea of guilty to a single count of reentry after deportation in violation of 8 U.S.C. § 1326(a).   This plea will be entered pursuant to a written plea agreement between the government and the defendant entered on May 7, 2025 wherein the defendant: waived his right to indictment, waived his right to trial, waived his right to a full presentence report, substantially waived his right to appeal and substantially waived his right to file a collateral attack as to the plea or the sentence imposed.   In return the government agreed to request a sentence that was no more than the low end of the applicable guideline range.

There is no question that Mr. Buox has accepted full responsibility for his actions and has saved the government significant resources.   He entered into this written plea agreement on May 7, 2025 just six weeks after he was initially charged in federal court on March 25, 2025 by way of a complaint and warrant.   Furthermore, the defendant, in pleading guilty to this charge, is fully aware that it will lead to his deportation from the United States.

For these reasons and for the reasons set forth below, the defendant respectfully requests that this Court accept the defendant's guilty plea and impose a time served sentence.   A sentence of time served is sufficient -- but not greater than necessary -- given the nature of the offense and

Mr. Buox' personal history and characteristics pursuant to *United States v. Booker*, 543 U.S. 220

(2005), its progeny, and 18 U.S.C. § 3553(a).

## I.      FACTUAL AND PROCEDURAL HISTORY

Mr. Buox is a citizen of Guatamala.   He is married and has 5 children ranging in age

from 23 years old to 5 years old.   He entered the United States in 2023 for the sole purpose of

finding work so that he could send money home to his family.   And during his time here that is

exactly what he has done – work hard in a bakery making Philly soft pretzels and sending the

money he earned home to Guatamala to his wife and five children.   He fully admits that when

he entered the United States in 2023 he had not applied for admission and had not received

permission from the Attorney General.

On March 25, 2025 Rigoberto Xiloj Buox was charged by complaint and warrant with a

single count of reentry after deportation in violation of 8 U.S.C. § 1326(a).   On April 15, 2025

Mr. Buox appeared before the Honorable Carol Sandra Moore Wells and stipulated to detention

and probable cause.   On May 7, 2025 Mr. Buox signed a written guilty plea agreement wherein

he agreed to waive indictment and plead guilty by way of information to a single count of

violating 8 U.S.C. § 1326(a).   He also agreed to an expedited and truncated presentence

investigation and report.

A change of plea hearing and sentencing proceeding are now scheduled for July 2, 2025.

## II.      THE APPLICABLE GUIDELINES AND THE PLEA AGREEMENT

The defense agrees with the advisory guideline range set forth in the Presentence

Investigation Report.   Specifically, the Base Offense level for Count 1 is 8. (PSR at p.5).   This

level is increased by 6 points because after the defendant was ordered deported for the first

time.he engaged in criminal activity that led to a conviction that resulted in a sentence that exceeded one year and one day.   (PSR at p.5).   Therefore the adjusted offense level is 14.

The offense level is then reduced by 2 points to 12 because Mr. Buox has clearly demonstrated his acceptance of responsibility for the offense.   (PSR at p.6).   Ironically, Mr. Buox does not receive the third point for acceptance -- which is appropriate when the defendant timely notifies the government of his intent to plead thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently – despite the fact that he signed the plea agreement 6 weeks after being charged and waived indictment by grand jury and agreed to a truncated presentence investigation and report. Depriving Mr. Buox of the third point under these circumstances is in and of itself a basis for a variance.

Mr. Buox has one prior conviction for a misdemeanor simple assault and therefore is in Criminal History Category II.   This simple assault conviction was the result of a 2024 plea to time served to 23 months. (PSR at p.6).

Thus, his applicable guideline range for this federal offense is 12 to 18 months.   This Court can and should vary below this range and impose a sentence of time served.

Since the offense is a Class E Felony the guideline range for supervised release is 1 year. (PSR at p. 8).   However, since Mr. Buox will be deported the court "ordinarily should not impose a term of supervised release . . ." USSG § 5D1.1(c) *See also United States v. Azcona - Polanco 865 F. 3d 148 (3d Cir. 2017).*   Given his pending deportation this Court should not impose a sentence of supervised release.

As mentioned above, Mr. Buox has one prior conviction.   Specifically on August 6,

3

2024 he was arrested in Chester County and charged with aggravated assault.   He was detained in the Chester County Prison and eventually pled guilty to simple assault (M2) and was sentenced to time served to 23 months.   Defendant Buox at the time of that sentencing had been in continuous custody for 244 days.   Under the Pennsylvania Sentencing Guidelines the applicable guidelines for a first offense simple assault (M2) is probation – yet defendant Buox served *244 days in custody*.   *See 42 Pa C.S. § 2154* and *204 Pa. Code Chapter 303.*

It is undisputed that ICE was aware that Mr. Buox was in custody in the Chester County Prison beginning in August 2024.   It was at that time that it lodged an immigration detainer. Therefore, it is absolutely permissible for this Court to consider and apply a departure or variance from the applicable guidelines (12-18 months) to account for this time spent in state custody.   In this case that departure or variance would arguably cover from August 6, 2024 to July 2, 2025 (11 months).   *See USSG § 2L1.2 Comment 7* "the court may consider whether a departure is appropriate to reflect all or part of the time served in state custody, from the time immigration authorities locate the defendant until the service of the federal sentence commences."   This is exactly the scenario that we have in this case and a departure or variance below the applicable guidelines is appropriate.

The defense respectfully requests that this Court vary from the applicable guidelines and impose a sentence of time served with no supervised release to follow.   A time served sentence is sufficient but not greater than necessary in this case given the nature of the offense and Mr. Buox' personal history and characteristics pursuant to *United States v. Booker*, 543 U.S. 220 (2005), its progeny, and 18 U.S.C. § 3553(a).

### III.    RIGOBERTO XILOJ BUOX HAS ACCEPTED RESPONSIBILITY FOR HIS ACTIONS AND HAS PAID HIS DEBT TO SOCIETY

Rigoberto Buox is truly remorseful for his actions.   He has pled guilty and accepted full responsibility for his actions.   As part of his plea he has: waived his right to indictment, waived his right to trial, waived his right to a full presentence report, substantially waived his right to appeal and substantially waived his right to file a collateral attack as to the plea or the sentence imposed.   Furthermore, he entered this plea 6 weeks after being charged – thus saving the government and the Court substantial resources in resolving this matter in a timely fashion.

During his incarceration in both the Chester County Prison and the FDC he has not had a single write-up.   Mr. Buox is a respectful, kind-hearted, responsible and hardworking man. His sole reason for coming to the United States was to work hard so that he could send money home to support his wife and five children in Guatemala.   He has strong family support and upon his deportation he will again live with his family.

As he stands before this Court for sentencing Rigoberto Buox is 44 years old.   He has been in custody now for almost one year.   During that time he has reflected on his ill-conceived actions and the mistake that he made.   He knows he cannot take back his actions yet he is determined to show his family and this Court that he can be a productive member of society again.   Simply put, if given the chance he will do everything in his power not to disappoint the trust of this Court and show that he is someone that can be trusted to stay out of trouble and focus on working to support his family.

### IV.    CONCLUSION

For all of the reasons set forth above, the defense respectfully requests that this Court vary below the applicable guidelines and sentence the defendant to time served with no

supervised release to follow.

Respectfully submitted,


/s/ James J. McHugh, Jr.
JAMES J. MCHUGH, JR.
Assistant Federal Defender

## CERTIFICATE OF SERVICE

I, James J. McHugh, Jr., Assistant Federal Defender, Federal Community Defender

Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of

Defendant's Sentencing Memorandum, via electronic delivery, upon Kelly Lewis Fallenstein,

Assistant United States Attorney to his office located at 615 Chestnut Street, Suite 1250,

Philadelphia, Pennsylvania 19106.


*/s/ James J. McHugh, Jr.*
JAMES J. MCHUGH JR.
Assistant Federal Defender



DATE:        June 27, 2025